IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.

THOMAS ARAGON, on behalf of himself and all similarly situated persons,

      Plaintiff,

v.

CLEAR WATER PRODUCTS LLC, MILLS SOLIDS CONTROL CONSULTING, LLC,
AQUA CLEAR SOLUTIONS LLC, and H&F INVESTMENTS, L.L.C., each Colorado limited
liability companies, and BRODY HANSEN, SCOTT FORKNER, JOSHUA WELLS, WAYNE
JEFFREY HUBBARD, JAY GARRETT MILLS and DANIELLE MILLS,

      Defendants

---

## CLASS AND COLLECTIVE ACTION COMPLAINT

---

     Plaintiff Thomas Aragon, by and through undersigned counsel, individually and on

behalf of all others similarly situated, files this *Class and Collective Action Complaint* against

Defendants Clear Water Products LLC, Mills Solids Control Consulting, LLC, Aqua Clear

Solutions LLC, H&F Investments, L.L.C, Brody Hansen, Scott Forkner, Joshua Wells, Wayne

Jeffrey Hubbard, Jay Garrett Mills and Danielle Mills (collectively, "Clear Water").

### STATEMENT OF THE CASE

    1.    The federal Fair Labor Standards Act, 29 U.S.C. §201, *et seq.,* (the "FLSA"), the

Colorado Wage Claim Act, §8-4-101, *et seq.* (the "Wage Claim Act"), and the Colorado

Minimum Wage Act, C.R.S. §8-6-101, *et seq.*, as implemented by the Colorado Minimum Wage

Order (the "Minimum Wage Act") contain various rules regarding employee wages and working

hours.  Clear Water violated these laws by failing to: 1) compensate employees at their "regular rate of pay" for all time worked; 2) compensate employees at "time and one-half" their regular rate of pay for all overtime hours worked; and 3) ensure that employees received paid rest breaks during their shifts.  This class and collective action seeks to recover damages and backpay to compensate all current and former employees of Clear Water for these wage violations.

## PARTIES, JURISDICTION, AND VENUE

2.      Plaintiff, a current employee of Clear Water, is an individual and resident of the state of Colorado.

3.      Defendant Mills Solids Control Consulting, LLC ("Mills Solids") is a limited liability company organized under the laws of the State of Colorado with its corporate office located at 2318 Eastwood Drive, Fort Collins, 80525.  At all times relevant to this action, Mills Solids has been located in and has conducted business in the State of Colorado.  Defendants Jay Garrett Mills and Danielle Mills are individuals and residents of the State of Colorado.  On information and belief, Mr. and Mrs. Mills are husband and wife and are the founders, owners and operators of Mills Solids.

4.      Defendant Clear Water Products LLC ("Clear Water Products") is a limited liability company organized under the laws of the State of Colorado with its corporate office located at 113 6th Avenue, Greeley, Colorado 80621.  At all times relevant to this action, Clear Water Products has been located in and has conducted business in the State of Colorado.  Defendants Brody Hansen, Scott Forkner and Joshua Wells are individuals and residents of the State of Colorado.  Defendant H&F Investments, L.L.C. is a limited liability company organized

under the laws of the State of Colorado with its corporate office located at 1900 76th Avenue Court, Greeley, Colorado 80631.  At all times relevant to this action, H&F Investments, L.L.C. has been located in and has conducted business in the State of Colorado.  On information and belief, Messrs. Hansen, Forkner and Wells, along with H&F Investments, L.L.C. are the founders, owners and operators of Clear Water Products.

5.      Defendant Aqua Clear Solutions LLC ("Aqua Clear") is a limited liability company organized under the laws of the State of Colorado with its corporate office located at 4131 Saddle Notch Drive, Fort Collins, Colorado 80526.  At all times relevant to this action, Aqua Clear has been located in and has conducted business in the State of Colorado.  Wayne Jeffrey Hubbard is an individual and resident of the State of Colorado.  On information and belief, Mr. Hubbard is the founder, owner and operator of Aqua Clear.

6.      Each Defendant is and was a joint employer of Plaintiff within the meaning of the FLSA.  The companies shared employees, equipment and management and worked together on solids control jobs.  On information and belief, Clear Water was set up this way in order to circumvent certain insurance requirements.

7.      This Court has jurisdiction over the parties and subject matter of this action pursuant to 29 U.S.C. §216(b) and 28 U.S.C. §1331.  Venue is proper under 28 U.S.C. §1391(b).

## FACTUAL BACKGROUND

8.      Clear Water is an oilfield service company providing solids control services in Colorado.  Plaintiff worked for Clear Water as a "solids control technician" at various locations in Weld County, Colorado.

3

9.      Although Plaintiff was required to work more than twelve (12) hours per day

and/or forty (40) hours per workweek, and did so frequently, Plaintiff was not compensated at

the mandated time and one-half rate for overtime hours.  Instead, Plaintiff was paid a day rate

with no overtime premium pay.  No overtime exemption applies to Plaintiff.  Clear Water also

failed to pay Plaintiff for all of his straight time hours worked and failed to provide the rest

breaks mandated by state law.

10.     On information and belief, none of Clear Water's non-exempt employees were

paid properly for their time worked.

## COLLECTIVE AND CLASS ACTION ALLEGATIONS

11.     Plaintiff brings this action as a FED. R. CIV. P. 23 class action, on behalf of

himself and on behalf of a Class for which Plaintiff seeks certification.  Pending any

modifications necessitated by discovery, Plaintiff preliminarily defines this Class as follows:

> ALL CURRENT OR FORMER NON-EXEMPT CLEAR WATER
> EMPLOYEES: 1) WHO WERE NOT COMPENSATED
> PROPERLY FOR ALL REGULAR AND OVERTIME HOURS
> WORKED; AND/OR 2) WHO WERE NOT PROVIDED PAID
> REST BREAKS.

12.     This action is properly brought as a class action for the following reasons:

a.      The Class is so numerous that joinder of all Class Members is

impracticable.  Plaintiff is informed and believes that the number

of Class Members exceeds fifty.

b.      Numerous questions of law and fact regarding the liability of Clear

Water are common to the Class and predominate over any

4

individual issues which may exist.  Among the questions and issues common to the Class are: 1) whether Clear Water engaged in a common course of failing to compensate Class Members for all hours worked, including overtime; 2) whether Clear Water engaged in a common course of failing to provide breaks to Class Members; 3) whether Clear Water failed to pay Class Members an overtime premium of 1.5 times their regular hourly rate for all hours worked in excess of 40 per week or 12 per day; 4) whether Clear Water engaged in a common course of failing to maintain true and accurate time records for all hours worked by Class Members; 5) whether Clear Water violated state and/or federal law; and 6) the nature and extent of class-wide injury and the measure of compensation for each injury.

c.   The claims asserted by Plaintiff are typical of the claims of Class Members and the Class is readily ascertainable from Clear Water's own records.  A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

d.   Plaintiff will fairly and adequately protect the interests of Class Members.  The interests of Class Members are coincident with, and not antagonistic to, those of Plaintiff.  Furthermore, Plaintiff is represented by experienced class action counsel.

13.     For the foregoing reasons, Plaintiff also seeks certification of an FLSA "opt-in" collective action pursuant to 29 U.S.C. §216(b) for all claims asserted by Plaintiff because his claims are nearly identical to those of other Class Members.  Plaintiff and Class Members are similarly situated, have substantially similar or identical job requirements and pay provisions, and were subject to Clear Water's common practice, policy or plan regarding employee wages and hours.

## FIRST CLAIM FOR RELIEF
### (Violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*.)

14.     Plaintiff incorporates by reference all of the above paragraphs.

15.     At all relevant times, Clear Water has been, and continues to be, an "employer" within the meaning of the FLSA.

16.     Clear Water is an enterprise engaged in interstate "commerce" and/or in the production of "goods" for "commerce" within the meaning of the FLSA.

17.     At all relevant times, Clear Water has had gross annual volume of sales in excess of $500,000.

18.     At all relevant times, Clear Water has employed, and continues to employ, non-exempt "employees," including Plaintiff.  Plaintiff consents to sue in this action pursuant to 29 U.S.C. §216(b).

19.     Plaintiff is a current employee of Clear Water within the meaning of the FLSA.

20.     While employed by Clear Water, Plaintiff was engaged in commerce or in the production of goods for commerce within the meaning of the FLSA.

21.     As a result of the foregoing conduct, as alleged, Clear Water has violated, and

continues to violate, the FLSA, 29 U.S.C. § 201, *et seq*.  These violations were committed

knowingly, willfully and with reckless disregard of applicable law.

22.     As a result, Plaintiff and Class Members have been damaged in an amount to be

determined at trial.

**SECOND CLAIM FOR RELIEF**
**(Violation of the Colorado Wage Claim Act, § 8-4-101, *et seq*.)**

23.     Plaintiff incorporates by reference all of the above paragraphs.

24.     At all relevant times, Clear Water has been, and continues to be, an "employer"

within the meaning of the Colorado Wage Claim Act.

25.     At all relevant times, Clear Water has employed, and continues to employ,

"employees", including Plaintiff, within the meaning of the Wage Claim Act.

26.     Plaintiff is a current employee of Clear Water within the meaning of the Wage

Claim Act.

27.     As a result of the foregoing conduct, as alleged, Clear Water has failed to pay

wages due under the Wage Claim Act, the FLSA and the Minimum Wage Act, thereby violating,

and continuing to violate, the Wage Claim Act.  These violations were committed knowingly,

willfully and with reckless disregard of applicable law.

28.     As a result, Plaintiff and Class Members have been damaged in an amount to be

determined at trial. Plaintiff hereby demands payment on behalf of himself and all Class

Members in an amount sufficient to provide compensation for all regular and overtime hours

worked that were not compensated properly.  This demand for payment is continuing and is

made on behalf of any current Clear Water employees whose employment terminates at any time

7

in the future.  Such payment can be made care of undersigned counsel at the listed address.

### THIRD CLAIM FOR RELIEF
### (Violation of the Colorado Minimum Wage Act, § 8-6-101, *et seq.*)

29.     Plaintiff incorporates by reference all of the above paragraphs.

30.     At all relevant times, Clear Water has been, and continues to be, an "employer" within the meaning of the Colorado Minimum Wage Act.

31.     At all relevant times, Clear Water has employed, and continues to employ, "employees", including Plaintiff, within the meaning of the Minimum Wage Act.

32.     Plaintiff is a current employee of Clear Water within the meaning of the Minimum Wage Act.

33.     As a result of the foregoing conduct, as alleged, Clear Water has violated, and continues to violate, the Minimum Wage Act.  These violations were committed knowingly, willfully and with reckless disregard of applicable law.

34.     As a result, Plaintiff and Class Members have been damaged in an amount to be determined at trial.

### FOURTH CLAIM FOR RELIEF
### (Breach of Contract)

35.     Plaintiff incorporates by reference all of the above paragraphs.

36.     Clear Water was contractually obligated to pay Plaintiff and Class Members in accordance with state and federal wage and hour laws.  Although Plaintiff and Class Members complied with all conditions precedent and performed their obligations under the contract, Clear Water breached the contract as described herein.

37.     As a result, Plaintiff and Class Members have been damaged in an amount to be determined at trial.

## DOCUMENT PRESERVATION

38.     As part of discovery, Plaintiff will be requesting certain documents and information from Clear Water.  Please note the document preservation instructions attached hereto.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in favor of himself and Class Members and against Clear Water as follows:

1.     Determining that the action is properly maintained as a class and/or collective action, certifying Plaintiff as the class representative, and appointing Plaintiff's counsel as counsel for Class Members;

2.     Ordering prompt notice of this litigation to all potential Class Members;

3.     Awarding Plaintiff and Class Members declaratory and/or injunctive relief as permitted by law or equity;

4.     Awarding Plaintiff and Class Members their compensatory damages, service awards, attorneys' fees and litigation expenses as provided by law;

5.     Awarding Plaintiff and Class Members their pre-judgment, post-judgment and moratory interest as provided by law;

6.     Awarding Plaintiff and Class Members liquidated damages and/or statutory penalties as provided by law; and

7.      Awarding Plaintiff and Class Members such other and further relief as the Court

deems just and proper.

Respectfully submitted this 28th day of December, 2015.

*s/Brian D. Gonzales*
_____

Brian D. Gonzales
THE LAW OFFICES OF
BRIAN D. GONZALES, PLLC
123 North College Avenue, Suite 200
Fort Collins, Colorado  80524
Telephone: (970) 212-4665
Facsimile: (303) 539-9812
BGonzales@ColoradoWageLaw.com

*Counsel for Plaintiff*

## <u>DOCUMENT PRESERVATION INSTRUCTIONS</u>

Plaintiff will be requesting electronic and other documentary evidence during discovery in this matter. This evidence will be of critical importance and Plaintiff wants to ensure that the types of documentary and electronic evidence that will be requested during the course of discovery are preserved.

As you may be aware, "[w]hen a lawyer who has been retained to handle a matter learns that litigation is probable or has been commenced, the lawyer should inform the client of its duty to preserve potentially relevant documents and of the possible consequences of failing to do so." Standard 10, *Preservation of Documents, ABA Civil Discovery Standards* (Aug. 2004). This duty "applies to information stored in an electronic medium or format…" *Id.* at Standard 29.

Various kinds of electronic data and other documents will be important in this lawsuit. The data Plaintiff anticipates will be relevant includes, but is not limited to, the following:

- The portions of any database or system maintained or used that contains time stamps or other data, including timesheets and telephone records, relating to the hours worked by Plaintiff and putative opt-in plaintiffs and/or class members as well as their pay;

- Emails and other electronic and hard-copy documents pertaining to Defendants' decision to not pay the overtime premium and to not provide paid rest breaks;

- Emails and other electronic and hard-copy documents pertaining to Defendants' reliance on department of labor authority when deciding not to pay the overtime premium or to not provide paid rest breaks;

- Emails and other electronic and hard-copy documents pertaining to any audit or investigation performed by the department of labor;

- Emails and other electronic and hard-copy documents pertaining to the job duties performed by Defendants' employees, including Plaintiff;

- Emails and other electronic and hard-copy documents pertaining to the hours worked by Defendants' employees, including Plaintiff;

- Emails sent and received by Plaintiff, putative opt-in plaintiffs or class members, and their managers/supervisors;

- Emails and other electronic or hard-copy documents pertaining to Defendants' compliance with the Fair Labor Standards Act and/or state laws; and

11

- Emails and other electronic or hard-copy documents pertaining to Plaintiff and all other current or former employees.

This data, including all associated metadata, must be preserved. Therefore, Plaintiff requests that Defendants perform offline backups of any databases which contain information of the types identified above. Plaintiff also requests that Defendants perform offline backups of all current Microsoft Exchange (or other email) databases to external hard drives, preserving their native format. These backups should be done routinely from this point forward.

The laws and rules prohibiting destruction of evidence apply to electronically stored information in the same manner that they apply to other evidence. Therefore, Plaintiff requests that Defendants take every reasonable step to preserve this information until the final resolution of this matter, and discontinue all data destruction activities, including but not limited to, backup tape recycling policies, any automatic email deletion functions, and refrain from disposing of any relevant hardware or data storage. In short, Plaintiff requests that the utmost care be taken in the preservation of all relevant electronic data, including metadata.