IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 15-cv-02821-PAB-STV

THOMAS ARAGON, on behalf of himself and all similarly situated persons,

    Plaintiff,

v.

CLEAR WATER PRODUCTS LLC,
MILLS SOLIDS CONTROL CONSULTING, LLC,
AQUA CLEAR SOLUTIONS LLC,
BRODY HANSEN,
SCOTT FORKNER,
WAYNE JEFFREY HUBBARD,
JAY GARRETT MILLS, and
DANIELLE MILLS,

    Defendants.

---

# ORDER

---

Pursuant to the orders entered in this case, having considered all papers filed and proceedings held herein, and otherwise being fully informed in the premises and good cause appearing therefor, it is hereby

**ORDERED** that:

1. This Order incorporates by reference the definitions and provisions of the Settlement Agreement ("Agreement") [Docket No. 110-1] as though fully set forth herein.

2. This Court has jurisdiction over the subject matter of this Action and personal jurisdiction over the Parties and the Settlement Class.

3. Pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure, and for the

purposes of settlement only, the Settlement Class is certified as follows:

> all persons who worked for Clear Water as solids control technicians and were paid a day rate at any time from December 28, 2013 through March 5, 2018.[1]

4.  The Court finds, solely for the purposes of this settlement, that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the Members of the Settlement Class are so numerous that joinder of all Settlement Class Members in the Action is impracticable; (b) there are questions of law and fact common to the Settlement Class which predominate over any individual questions; (c) the claims of one or more of the Plaintiffs and Plaintiffs' Counsel have fairly and adequately represented and protected the interests of all of the Settlement Class Members; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: (i) the interests of the Members of the Settlement Class in individually controlling the prosecution of the separate actions; (ii) the extent and nature of any litigation concerning the controversy already commenced by Members of the Settlement Class; (iii) the desirability or undesirability of continuing the litigation of these claims in this particular forum; and (iv) the difficulties likely to be encountered in the management of the Action.

5.  For purposes of settlement, Plaintiff Thomas Aragon is hereby appointed the "Class Representative."

---

[1] The Settlement Agreement defines "Clear Water" as "Clear Water Products LLC, Mills Solid Control Consulting, LLC, Aqua Clear Solutions LLC, Brody Hansen, Scott Forkner, Wayne Jeffrey Hubbard, Jay Garrett Mills, and Danielle Mills." Docket No. 110-1 at 1.

6. For purposes of settlement, Brian D. Gonzales and the Law Offices of Brian D. Gonzales, PLLC are hereby appointed as Class Counsel.

7. The Court finds that the Class Notice given to members of the Settlement Class pursuant to the terms of the Agreement was reasonably calculated under the circumstances to apprise such members of the pendency of this Action, all material elements of the settlement, and their opportunity to exclude themselves from, object to, or comment on the settlement. The Class Notice was the best practicable notice under the circumstances and constituted valid, sufficient, and due notice to all members of the Settlement Class. The Class Notice fully satisfied the requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, and all other applicable law. Accordingly, this Court makes final the conditional certification set forth in the Preliminary Approval Order [Docket No. 106]. Because the Court has afforded a full opportunity to all Settlement Class Members to be heard, the Court further determines that all members of the Settlement Class are bound by this Order.

8. Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, this Court finds that the Settlement is fair, reasonable, and adequate. Accordingly, the Court gives final approval to the Settlement in all respects and authorizes and directs the Parties to consummate the Settlement in accordance with the terms and provisions of the Settlement and this Order.

9. The Parties, their counsel, and the Settlement Administrator shall fulfill their obligations and duties under the Agreement.

10. The Action and all claims contained therein are hereby dismissed with prejudice.

11. Plaintiff and all members of the Settlement Class are deemed to have fully,

finally, completely, and forever released, relinquished, and discharged the causes of action raised in this Action, whether for damages or for injunctive relief. Plaintiffs and Settlement Class Members have not released any claims that have arisen or that may arise after March 5, 2018.

12. Plaintiffs and all members of the Settlement Class are permanently enjoined and barred from asserting, initiating, prosecuting, or continuing any of the claims released by the Agreement.

13. The Court hereby awards Class Counsel attorney's fees and costs in the amount of $116,666.00. This amount shall be paid from the Settlement Fund pursuant to the terms of the Agreement.

14. The Court hereby approves the payment of service awards to Plaintiff Thomas Aragon in the amount of $7,000 and to opt-in plaintiffs Michael Aragon, Raymond Romero, Kevin Shay, and David Yoho in the amount of $2,750 each. These amounts shall be paid from the Settlement Fund pursuant to the terms of the Agreement.

15. Neither this Order nor the Agreement is an admission or concession by Defendants of the validity of any claims, of any liability or wrongdoing, or of any violation of law. Neither this Order nor the Agreement shall be used as an admission or indication of any wrongdoing, fault, or omission by Defendants or any other person in connection with any transaction, event, or occurrence. Neither this Order nor the Agreement, nor any related documents in this proceeding, nor any reports or accounts thereof shall be offered or received in evidence in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to: consummate or enforce this Order, the Agreement, and all releases given thereunder;

or establish the affirmative defenses of *res judicata* or collateral estoppel barring the pursuit of claims released in the Agreement. This Order does not constitute any opinion or position of this Court as to the merits of the claims and defenses related to this Action.

16. Without affecting the finality of this Order, this Court retains jurisdiction to consider all further matters arising out of or connected with the Settlement, including the implementation and enforcement of the Settlement Agreement.

17. Judgment shall be entered dismissing this Action with prejudice.

DATED January 7, 2019.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge